|,PER CURIAM.
In this case, summary judgment was granted by the lower courts in favor of American Deposit Insurance Company (“ADIC”) against its agent, Dimattia Insurance Company, for indemnification based upon a breach of the Producer Agreement between the parties. The merit of that summary judgment rests, in part, on the terms of that Producer Agreement. The relevant agreement between the defendant, ADIC, and the third party defendant, Dimattia, however, cannot be located according to ADIC. In light of this fact, the movant submitted the affidavit of Pat Owens, underwriting supervisor at ADIC, who attested that although the actual agreement between the parties cannot be found, Producer Agreements at that time provided for the indemnity that ADIC now seeks and that Dimattia must have signed one of those agreements. Importantly, a close read of Pat Owens’s affidavit reveals that it does not state that she has personal knowledge that the relied upon agreement between Dimattia and ADIC had been executed (i.e. that she had ever seen it). Her conclusion that Dimattia had signed its agreement was not based on personal knowledge, but upon assumptions on her part.
| ^Inasmuch as the other evidence submitted in support of the motion for *119 summary judgment does not address the existence or language of this purported indemnity clause and that the various admissions of Dimattia in this case do not speak to the terms of that agreement but instead to a potential breach of it, summary judgment should not have been granted in this case. Therefore, genuine issues of material fact remain as to whether Dimattia owes ADIC indemnity for its actions in issuing a policy to the Kents on July 15, 1993. Consequently, ADIC’s motion for summary judgment is denied, and the case is remanded to the district court for further proceedings consistent with this opinion.
DECREE
The judgments of the lower courts are reversed, the motion for summary judgment is denied, and the ease is remanded to the district court for further proceedings consistent with this opinion.
TRAYLOR, J., dissents from the court’s action.